UNITED STATES of America,
Plaintiff,

v.

Thomas DONOVAN, Defendant.

Crim. A. No. 10829.

United States District Court
S. D. Ohio, W. D.

March 16, 1966.

Arnold Morelli, U. S. Atty., Cincinnati, Ohio, for plaintiff.

Harry A. Abrams and Joseph Lichtenbaum, Cincinnati, Ohio, for defendant.

JOHN W. PECK, District Judge.

This matter has been submitted under the defendant's motion to suppress evidence and seeking the return of certain property and money presently in the possession of the government. Evidence was received in open court at the hearing on this motion, and in addition to the oral arguments then made the Court has been assisted by the filing of carefully prepared memoranda in support of and in opposition to the motion.

The defendant first complains that the Commissioner did not have before him a sufficient showing of facts upon which to base the issuance of a warrant authorizing the search of defendant's apartment. However, an examination of the affidavits which were presented negates defendant's argument. One of the affidavits states that after receipt of information as to defendant's gambling activities from an informer the affiant became personally acquainted with the defendant and was advised by him that he accepted "wagers on horse races and sports events, including baseball and football, by telephone at an apartment where he has two telephones— TR 8–6622 and TR 8–6818. He said that he accepts wagers up to $2,000 if the bettor puts up the money beforehand. [Defendant] agreed to accept wagers from me up to $300 on credit, * * *" The second affidavit established that both phone numbers were assigned to instruments installed in the subject premises and that defendant was observed en-

tering and leaving those premises on six different dates. That affidavit further established that no wagering tax stamp had been issued to either the defendant or the address. Upon this factual presentation it is held that the Commissioner had authority to issue the search warrant.

■ A second search warrant, issued pursuant to similar affidavits, authorized the search of a Pontiac automobile, and proper cause for the issuance of that warrant is found to have been presented to the Commissioner. The testimony established that in the course of the search of the apartment certain automobile keys were found, and that using those keys the officers entered and searched the Pontiac automobile, which was parked in the vicinity of the apartment. Having opened the trunk of that automobile, the agents took from it $14,600 in cash, but no other property claimed to have been within the contemplation of the warrant was found or taken. Defendant seeks the suppression of this evidence and the return of the money on the ground that it is not included in the following language of the affidavit: " * * bookmaking records and wagering paraphernalia consisting of accounting sheets, rundown sheets, betting slips, recap sheets, sports information papers and miscellaneous bet notations * * *." Neither the affidavit nor the warrant makes specific mention of cash or money.

The question presented under this branch of the motion presents a somewhat more disturbing issue than those hereinabove discussed, but it is concluded that this question must also be resolved negatively to the movant. Specifically, the question is whether money is included within the phrase "gambling paraphernalia," or if not whether in the present circumstances it had such a reasonable relation to the purpose of the search to make it available under the warrant. This precise point has been fully and thoughtfully considered in United States v. Joseph, 174 F.Supp. 539, 544–545 (E.D.Penn.1959), aff'd, 278 F.2d 504 (3rd Cir. 1960), wherein the Court said:

"The money seized was also paraphernalia and equipment used and intended for use in violation of law. As was said in another case: 'A sufficient amount of cash to meet the demands of the trade appears to have been a necessary and closely related implement or facility of the wagering business transacted here.' United States v. Currency in Total Amount of $2,-223.40, D.C.N.D.N.Y.1957, 157 F.Supp. 300, 304; see also United States v. $1,508.40, D.C.S.D.Ill.1958, 158 F.Supp. 916. It may be added that even were the money not within the description on the search warrant of the things to be seized, its seizure in these circumstances was still clearly proper. It is permissible to seize things other than those described in the search warrant if they have a reasonable relation to the purpose of the search. Bryant v. United States, 5 Cir., 1958, 252 F.2d 746, 749; Sanders v. United States, 10 Cir., 1956, 238 F.2d 145, 147; Palmer v. United States, 1953, 92 U.S.App. D.C. 103, 203 F.2d 66."

■ Even though this decision is not controlling on this Court, its language provides a complete and well reasoned response to the arguments and authorities offered by the defendant. It is here determined that where pursuant to a search warrant properly issued for the purpose of seeking gambling paraphernalia money is found under such circumstances as to cause it to bear a reasonable relationship to the purpose of the search, its seizure is proper. Accordingly,

It is ordered that defendant's Motion For Return of Evidence Seized and To Suppress Evidence should be and it is hereby denied, with notation of defendant's exceptions.