471 F.2d 785
 11 UCC Rep.Serv. 673
 In the Matter of Matthew R. LEICHTER, Individually and d/b
under the trade name and style of Landman Dry
Cleaners, Bankrupt.
NORTHERN COMMERCIAL CORPORATION, Petitioner-Appellee,
v.
Michael F. FRIEDMAN, as Trustee in Bankruptcy of Matthew R.
Leichter, Respondent-Appellant.
 No. 71, Docket 72-1207.
 United States Court of Appeals,
Second Circuit.
 Submitted Oct. 18, 1972.
Decided Dec. 12, 1972.
 
 Michael F. Freidman, pro se.
 Samuel Gutterman, New York City, for petitioner-appellee.
 Before MANSFIELD, OAKES and TIMBERS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal involves the construction of N.Y. Uniform Commercial Code Sec. 9-402 (McKinney 1964)[1] (hereinafter cited as "UCC"), the appellant being a bankruptcy trustee, the appellee an assignee of a conditional vendor. The case arises out of the bankruptcy of Matthew R. Leichter. Pursuant to N.Y.Gen.Bus. Law Sec. 130, McKinney's Consol.Laws. c. 20, Leichter had duly registered to do business in 1959 with the County Clerk of Kings County (Brooklyn) under the assumed name of "Landman Dry Cleaners." Kenston Corporation sold him some dry cleaning equipment in 1967 under a conditional sales contract and filed with the Secretary of State and the Kings County Clerk a financing statement. Both the contract and financing statement were signed:
 
 
 
 * * *
 Landman Dry Cleaners
 By: Matthew R. Leichter
 Kenston filed and indexed the financing statement only under the name of Landman Dry Cleaners and not under Leichter's own name. Subsequently it assigned the contract and security interest to appellee, Northern Commercial Corporation.
 The Referee held that Leichter and not Landman was the legal "debtor" within UCC Sec. 9-402(1) and that omitting to file under "Leichter" was not simply a "minor error" within UCC Sec. 9-402(5). The district court reversed, reasoning that since subsequent creditors could locate Leichter's filing to do business under the Landman Dry Cleaners' name and since other creditors billed in the trade name, all this was an attempt "by subsequent creditors who seek to build up their own equities by destroying with niggling challenges the purchase money liens of prior lien holders who in good faith extended credit to honest debtors in arms length transaction [sic]." The district court improperly relied upon our decision in In re Excel Stores, Inc., 341 F.2d 961 (2d Cir. 1965). We think the rule of that case when applied to the plainly distinguishable facts here requires a different result. We, therefore, think that the Referee was correct.
 Excel Stores presents entirely different critical facts since the financing statement there was filed under "Excel Department Stores" rather than "Excel Stores, Inc.," the real debtor. This court held, and we completely agree with its decision, that the filing gave "the minimum information necessary to put any searcher on inquiry,"[2] and was a "minor error" and not "seriously misleading." In our case, however, would a subsequent creditor looking under "Leichter" be led to find the security interest filed and indexed under "Landman"? We think not, even though Leichter apparently did his business under the trade name. District court cases supporting our view include In re Eichler, 9 UCC Rep.Serv. 1400 (E. D.Wis.1971) (filing against husband and wife debtors named Eichler under trade name "Carriage Card & Record Shop" ineffective); In re Levens, 7 UCC Rep. Serv. 1076 (E.D.N.Y.1970) (filing against debtor Levens under trade name "F. & F. Luncheonette" ineffective). Recently the Ninth Circuit Court of Appeals added its weight to this construction of UCC Sec. 9-402, when it held that filing against a debtor named Thomas under his trade name of "West Coast Avionics" was ineffective. In re Thomas, 466 F.2d 51 (9th Cir. 1972). As the court there said, "If the debtor's name is not given, the purpose of the statutory scheme of requiring security interest to be perfected by filing a financing statement-to give notice to future creditors of the debtor-would be seriously underminded."[3] 466 F.2d at 52. In this regard, the trustee in bankruptcy must be deemed to stand in the shoes of the most favored creditor,[4] not simply one who could-by virtue of his dealings with the debtor acting under his trade name-be held to a semblance of knowledge of the true facts; even such a creditor, knowing how UCC Sec. 9-402 reads, might never search the filings under the trade name. That is to say, the trustee is more than a subsequent creditor seeking to build up his own equities at the expense of good faith creditors. Here the assignee of the filing creditor seeking to be secured over others, engaged in the financing business so that it should surely be familiar with the requirements of the Code, must be held to substantial compliance with the notice statute. Filing under the trade name only, we hold, was insufficient.
 Judgment reversed and cause remanded.
 
 
 [1]
 N.Y. Uniform Commercial Code Sec. 9-402 (McKinney 1964) provides in pertinent part:
 Formal Requisites of Financing Statements; Amendments.-
 (1) A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral. A financing statement may be filed before a security agreement is made or a security interest otherwise attaches . . . . A copy of the security agreement is sufficient as a financing statement if it contains the above information and is signed by both parties.
 (5) A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.
 
 
 [2]
 UCC Sec. 9-402, Comment 2:
 (2) This Section adopts the system of "notice filing" which has proved successful under the Uniform Trust Receipts Act. What is required to be filed is not, as under chattel mortgage and conditional sales acts, the security agreement itself, but only a simple notice which may be filed before the security interest attaches or thereafter. The notice itself indicates merely that the secured party who has filed may have a security interest in the collateral described. Further inquiry from the parties concerned will be necessary to disclose the complete state of affairs . . . .
 
 
 [3]
 We need not go so far as John Deere Co. v. William C. Pahl Constr. Co., 34 A.D.2d 85, 310 N.Y.S.2d 945 (1970) (insufficient to file debtor's name "Ranalli" under "Ranelli"), or Bank of North America v. Bank of Nutley, 94 N.J.Super. 220, 227 A.2d 535 (Super.Ct.1967) (insufficient under New York law to file debtor's name "Kaplan" under "Kaplas"). A closer case is one where the debtor's name and the first word in his trade name are the same. In re Platt, 257 F.Supp. 478 (E.D.Pa.1966) (filing debtor's name "Platt" under "Platt Fur. Co." held sufficient)
 
 
 [4]
 That is, he is vested with the rights of a judgment creditor holding an execution returned unsatisfied. See 4A Collier on Bankruptcy p 70.04, at 59 (14th ed. 1971). As put by Judge Sanborn in Schneider v. O'Neal, 243 F.2d 914, 918 (8th Cir. 1957), "While it is unquestionably true that the trustee stood in the shoes of the bankrupt, it is equally true that he stood in the overshoes of the creditors . . . ." See 4A Collier, supra, p 70.04 n. 22