642 F.2d 793
 31 UCC Rep.Serv. 16
 In the Matter of GLASCO, INC., d/b/a Elite Boat Company, Bankrupt.
Earl T. BRUSHWOOD, Trustee, Plaintiff-Appellee,
v.
CITIZENS BANK OF PERRY, A Banking Corporation, Defendant-Appellant.
 No. 80-5054.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit B
 April 15, 1981.
 M. Howard Williams, Timothy D. Harley, Tallahassee, Fla., for defendant-appellant.
 Nohrr, Nohrr, Brushwood & Howze, Earl T. Brushwood, Tallahassee, Fla., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of Florida.
 Before TUTTLE, RONEY and VANCE, Circuit Judges.
 RONEY, Circuit Judge:
 
 
 1
 The sole issue on appeal is whether a financing statement, filed with the Florida Secretary of State by a creditor, perfected a security interest in certain property of the bankrupt debtor. The bankruptcy court held the financing statement to be inadequate because it listed the debtor by the name in which it did business rather than its legal corporate name. The district court affirmed. Holding the debtor's name used in the financing statement was not seriously misleading, we reverse.
 
 
 2
 The facts are not disputed. Prior to its bankruptcy, the debtor engaged in the manufacture and sale of boats in Florida. Although its legal corporate name was "Glasco, Inc.," the debtor operated its business solely under the name, "Elite Boats, Division of Glasco, Inc."
 
 
 3
 Appellant, the Citizens Bank of Perry ("the bank"), was "floor planning" marine engines for the debtor. In 1977, in connection with this financing, the debtor executed promissory notes and a security agreement in the name of "Elite Boats, Division of Glasco, Inc." The bank, to perfect its security interest in the marine engines, timely filed a standard form UCC-1 financing statement with the Florida Secretary of State, as required by Florida law. The bank listed the debtor on the form as "Elite Boats, Division of Glasco, Inc." The form was signed at the bottom by an officer of the debtor, without any designation as to office, capacity or affiliation. A filing clerk in the Secretary of State's office indexed this financing statement under the name listed, but did not cross-index it under "Glasco, Inc."
 
 
 4
 Later in 1977, the debtor filed for bankruptcy. The trustee in bankruptcy, appellee here, inquired of the Secretary of State whether any financing statements had been filed under "Glasco, Inc." Since the trustee did not request a search under "Elite Boats" or "Elite Boats, Division of Glasco, Inc." as well, the bank's financing statement was not disclosed. With permission of the bankruptcy court and without notice to the bank, the trustee then sold the marine engines. The bank commenced this action against the trustee for the sale proceeds.
 
 
 5
 In granting the trustee's motion for summary judgment, the bankruptcy court held the financing statement to be improper because it did not list the debtor by its legal name, "Glasco, Inc." The court further held the Secretary of State had no duty to cross-index the financing statement under the debtor's legal name, and the trustee was not bound by its actual knowledge that the debtor did business as "Elite Boats, Division of Glasco, Inc." The district court affirmed. On appeal, the bank contends that (1) listing the debtor as "Elite Boats, Division of Glasco, Inc." was sufficient because it was not seriously misleading to future creditors; and (2) in any event, the Secretary of State should have cross-indexed under "Glasco, Inc."
 
 
 6
 To perfect a security interest in collateral, a creditor must file a financing statement which complies with the filing requirements of the Uniform Commercial Code, as adopted in Florida. Fla.Stat.Ann. §§ 679.9-401 et seq. (1966). The purpose of the filing system is to give notice to creditors and other interested parties that a security interest exists in property of the debtor. Owen v. McKesson & Robbins Drug Co., 349 F.Supp. 1327, 1334 (N.D.Fla.1972). Perfect accuracy, however, is not required as long as the financing statement contains sufficient information to "put any searcher on inquiry." In re Excel Stores, Inc., 341 F.2d 961, 963 (2d Cir. 1965). See also In re Fowler, 407 F.Supp. 799, 802 (W.D.Okla.1975). The emphasis of the Uniform Commercial Code is thus on commercial realities rather than on corporate technicalities. Siljeg v. National Bank of Commerce, 509 F.2d 1009, 1012 (9th Cir. 1975). Section 9-402(5) reflects this emphasis by providing: "A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading." Fla.Stat.Ann. § 679.9-402(5) (1966). See generally In re Hammons, 614 F.2d 399, 405-06 (5th Cir. 1980).
 
 
 7
 The effect of errors in the listing of the debtor's name has been the subject of extensive litigation. See generally Annotation, Sufficiency of Designation of Debtor or Secured Party in Security Agreement or Financing Statement Under UCC § 9-402, 99 A.L.R.3d 478-565 (1980). The decisions appear generally to turn on the particular factual circumstances involved. The case here, then, must be judged on its own facts, with the focus on whether potential creditors would have been misled as a result of the name the debtor was listed by in the bank's financing statement.
 
 
 8
 It is undisputed the debtor held itself out to the community and to creditors as "Elite Boats, Division of Glasco, Inc." Its checks, stationery, and bank account all bore the latter name. Apparently the same name was used in its bills, contracts and telephone listing, because there is no indication in the record the debtor ever used the name of just "Glasco, Inc.," or any other name. Thus, listing the debtor by the sole name in which it did business was not misleading, because any reasonably prudent creditor would have requested the Secretary of State to search under "Elite Boats" in addition to "Glasco, Inc." Of course, the trustee in bankruptcy is considered to be in the position of a hypothetical but prudent creditor. See, e. g., In re Federal's, Inc., 553 F.2d 509 (6th Cir. 1977); In re Leichter, 471 F.2d 785 (2d Cir. 1972).
 
 
 9
 Siljeg v. National Bank of Commerce, 509 F.2d 1009 (9th Cir. 1975), is analogous. Siljeg involved a security interest in property of a corporate debtor which later merged into another company. The parties disputed whether the "true name" of the debtor was the pre-merger or post-merger name, for the purpose of determining the accuracy of the financing statement. In rejecting this focus of inquiry, the court held:
 
 
 10
 The issue to be determined is not the true name of the entity, but whether the filing was misleading. Filing under an assumed trade name is effective unless it is misleading .... It is likely that the ... corporation did business under only one name and it may well be that a filing under that name was not seriously misleading. 509 F.2d at 1012-13.
 
 
 11
 The court then remanded the case for consideration under this standard.
 
 
 12
 The trustee relies on several cases each involving an individual who is engaged in business under an assumed trade name. These cases generally hold that a financing statement listing only the trade name as the debtor will be insufficient to perfect a security interest effective against the individual. See, e. g., In re Leichter, 471 F.2d 785 (2d Cir. 1972); Citizens Bank v. Ansley, 467 F.Supp. 51 (M.D.Ga.1979), affirmed without opinion, 604 F.2d 669 (5th Cir. 1980). But see In re Platt, 257 F.Supp. 478 (E.D.Pa.1966). There is a crucial distinction, however, between these cases and the case here. In the former, a single debtor is necessarily held out to the credit community under two names, that of the individual and of the business. The individual's credit for personal needs is unrelated to the business. A personal creditor would not necessarily be aware of the business or trade name, and thus may not discover security interests filed solely under the business name. In the present case, where the company does business only under one name, the opportunity for creditors to be misled is substantially reduced, even though that name is not the company's "true name." See Siljeg, supra, 509 F.2d at 1012.
 
 
 13
 We hold the listing of the debtor as "Elite Boats, Division of Glasco, Inc." rather than as "Glasco, Inc." was not seriously misleading. The financing statement was therefore in substantial compliance with the filing requirements under Florida law and was sufficient to perfect the bank's security interest.
 
 
 14
 Because of our holding on the first issue presented by the bank, we need not decide whether the Secretary of State had a duty to cross-index the financing statement under "Glasco, Inc." A creditor who has complied with the filing requirements does not bear the risk of improper indexing by the Secretary of State. Official Comment to Section 9-407, Fla.Stat.Ann. § 679.9-407 (1966). See also In re Royal Electrotype Corp., 485 F.2d 394 (3d Cir. 1973); In re Fowler, 407 F.Supp. 799 (W.D.Okla.1975). Thus, the bank would have a perfected security interest whether or not the Secretary of State had breached a duty to cross-index.
 
 
 15
 REVERSED.
 
 TUTTLE, Circuit Judge, dissenting:
 
 16
 With deference, I dissent. The majority opinion treats this case as presenting a group of narrow issues arising under the filing provisions for perfection of security interest under the Uniform Commercial Code, Fla.Stat.Ann. § 679.9-401 et seq. (1966). The majority eschews technicality to reach what might be considered to be a common sense solution in finding a perfected security interest despite an irregularity in the filing. Because this superficially appealing result contains the seeds for future mischief I cannot concur.
 
 
 17
 The filing system under the Code revolves around the concept of "notice filing," where a filing is to " 'give the minimum information necessary to put any searcher on inquiry.' " In re Excel Stores, 341 F.2d 961, 963 (2d Cir. 1965); see UCC 9-402, comment 2. To effectuate the Code's spirit of liberality and disdain for rigid technicality the drafters included the provision, now relied upon by the majority, that a financing statement is effective even if "it contains minor errors which are not seriously misleading." Fla.Stat. § 679.9-402(5). This provision clearly was designed to accomplish substantial justice and "to discourage the fanatical and impossibly refined reading of such statutory requirements in which courts have occasionally indulged themselves." UCC § 9-402, comment 8.
 
 
 18
 This provision of liberality, however, was never intended to vitiate the beneficial effects of having a simple filing system for the benefit of both existing creditors and searchers of the files. In its decision which protects the rights of the bank-appellant, the majority has unfairly burdened the other persons who must rely upon the filing system. A variety of different types of errors may cause the name on the financing statement to be erroneous and result in an incorrect filing of the statement. In deciding whether an error is "seriously misleading" a court must apply an "appropriate sensitivity to the relevant factors." J. White & R. Summers, Handbook of the Law Under the Uniform Commercial Code § 23-16, 958 (2d ed.1980). In this regard the Court of Appeals for the Second Circuit has held that a subsequent creditor might never search the filings under the trade name of "Landman Dry Cleaners" where the debtor's name was "Leichter." In re Leichter, 471 F.2d 785, 787 (2d Cir. 1972). On the other hand, a filing under a trade name may be so similar to the debtor's real name that a searcher would be put on notice despite the technical error.
 
 
 19
 The Referee found that a search of the public records under the name of Henry Platt would not have disclosed F.C.A.'s interest. Platt Fur Co. was an unregistered fictitious name for the business of Henry Platt. He also used Kenwell Fur Novelty Co. as a fictitious name.
 
 
 20
 The use of Kenwell as the debtor would clearly have left F.C.A. without a perfected security interest. However, the name Platt Fur Co. is sufficiently related to the name of the debtor, Henry Platt, to require those who search the records to make further investigation. Furthermore, the Referee found that the name was "not seriously misleading," the criterion for effectiveness under § 9-402(5).
 
 
 21
 In re Platt, 257 F.Supp. 478, 482 (E.D.Pa.1966).[1] The majority distinguishes cases such as Leichter as cases where the credit records of an individual's business should be distinguished from the credit records of the individual. The majority reasons that: "A personal creditor would not necessarily be aware of the business or trade name, and thus may not discover security interests filed solely under the business name. In the present case, where the company does business only under one name, the opportunity for creditors to be misled is substantially reduced, even though that name is not the company's 'true name.' " At 796.[2] This distinction will not support the majority's result. The majority points to indications that the debtor always did business under the name "Elite Boats, Division of Glasco, Inc." and concludes that therefore any potential creditor would know to check under that non-legal name. But we are reviewing a case that was disposed of on a motion for summary judgment. Given this state of the record there may have existed creditors who would have perceived the debtor as simply "Glasco, Inc.," the legally proper title which, of course, it was. Surely the trustee could be taken to stand in the shoes of such an ideal creditor who had no notice. And in searching for "Glasco, Inc." one would not normally come across an item filed under the title of "Elite Boats." This is simply not a case where a searcher looking for the actual name would be put on notice by a filing under a similar trade name. A filing under the trade name in this case would not be filed near the actual name. Moreover, even if such creditors knew the trade name, they would still be justified to search only under the debtor's legal name. The terms of UCC § 9-402 require no more.[3] Searching under a trade name would be completely unnecessary but for the majority's opinion. From now on in this Circuit, potential creditors must undertake to discover trade names and to conduct additional searches in order to avoid a judicial determination that they lacked diligence. And even if they follow such precautions they might yet overlook one trade name and face potentially expensive litigation over whether they should have known about that trade name.
 
 
 22
 Of course, the majority's conclusion may yet be saved if the Secretary of State wrongly failed to carry out a duty to cross index the financing statement. A creditor who complies with the filing requirements may not bear the risk of errors by the filing officer. See UCC § 9-407, comment 1. This rule holds true because under the Code "Presentation for filing of a financing statement ... constitutes filing under this chapter." Fla.Stat. § 679.9-403(1). See In re Royal Electrotype Corp., 485 F.2d 394, 395-96 (3d Cir. 1973); In re Fowler, 407 F.Supp. 799 (W.D.Okla.1975). But those authorities do not aid the bank in the present case. The error lay in the bank's submission of the debtor's name as "Elite Boats, Division of Glasco, Inc." The filing officer dutifully filed the statement under precisely this name. The bank may argue that the filing officers usually cross index under all names given. For example, a financing statement using a "doing business as" listing of a debtor would be indexed under the legal name and the trade name. This argument by the bank differs from the position that the bank will not bear the risks of the filing officer's mistakes; rather this argument holds that the filing officer must correct the bank's errors. If the bank had clearly indicated two names separated by a notation such as "d.b.a.", its position would be stronger. But the fact remains that the bank's submission could very easily be taken to be one name especially by a clerk untrained in legal subtleties.[4] "A secured party does not bear the risk of improper filing or indexing as long as his conduct does not lead to the error on the part of the filing officer." In re Fowler, 407 F.Supp. at 803 (emphasis added.)
 
 
 23
 Courts may have the opportunity to view a situation with perfect hindsight which is unavailable to participants in daily activities. The bank had the opportunity to submit the correct name of the debtor and failed to do so. A searcher versed in the operation of the UCC would know that the filing should be under the debtor's legal name. He would have no reason to look under a trade name, even if he is aware of the trade name's existence, because he should be able to rely on the bank to submit the legal name and not a trade name. Future creditors must now anticipate mistakes by would-be secured creditors in order not to be ensnared in the hindsight of courts. The trustee should prevail against the bank which is responsible for any confusion in this case.
 
 
 24
 I would AFFIRM the district court's judgment.
 
 
 
 [1]
 The Florida law, amended subsequent to the beginning of this case, provides that: "A financing statement sufficiently shows the name of the debtor if it gives the individual partnership, or corporate names of the debtor, whether or not it adds other trade names or names of partners." Fla.Stat.Ann. § 679.9-402(6) (West Supp.1980). Leading commentators have inferred that this provision would alter the result of Platt : "With this provision on the books, the wise lawyer would advise Henry Platt and his creditors to use 'Henry Platt' as the name on the financing statement." White & Summers, supra, at 958. Although not the law in any state, the official comment to the revision behind this new Florida provision provides some insight on this situation: "Trade names are deemed to be too uncertain and likely not to be known to be the basis for a filing system." UCC § 9-402, comment 7
 
 
 [2]
 The majority relies heavily on Siljeg v. National Bank of Commerce, 509 F.2d 1009 (9th Cir. 1975), as a case where a filing under a name that is not the true name was potentially sufficient. That case, however, presented a closer question than the issue in this case. In Siljeg, the debtor had upon a merger taken the name of the firm with which it merged. Although the debtor wanted to take back its former name and the legally proper steps to change the name were not followed, the Secretary of State issued a certificate erroneously certifying that the former name survived the merger and the records of the Secretary of State were altered to reflect the former name as the legal name. Thus, it was possible that the debtor in Siljeg always used as its corporate name an ostensibly correct yet legally flawed name. In the present case, no one has ever contended that "Elite Boats, Division of Glasco, Inc." was a legal name as opposed to a trade name. And in any event, Siljeg remanded for consideration of the fact question of whether this situation was "seriously misleading," a procedure the present majority finds unnecessary in its reversal of the district court's judgment
 
 
 [3]
 This is particularly true with regards to the trustee
 In this regard, the trustee in bankruptcy must be deemed to stand in the shoes of the most favored creditor, not simply one who could by virtue of his dealings with the debtor acting under his trade name be held to a semblance of knowledge of the true facts; even such a creditor, knowing how UCC § 9-402 reads, might never search the filings under the trade name. That is to say, the trustee is more than a subsequent creditor seeking to build up his own equities at the expense of good faith creditors. Here the assignee of the filing creditor seeking to be secured over others, engaged in the financing business so that it should surely be familiar with the requirements of the Code, must be held to substantial compliance with the notice statute. Filing under the trade name only, we hold, was insufficient.
 In re Leichter, 471 F.2d at 787-88 (footnote omitted).
 
 
 [4]
 The bank's argument that the filing officer should have recognized that there were two names on the form actually cuts against the bank. If it is so easy to see that "Elite Boats" is not a legal name then there is no reason or excuse for the bank's failure to submit the debtor's name as simply "Glasco, Inc."