**In re George R. COVEY, d/b/a RBF Industries, Debtor.**

**George R. COVEY, d/b/a RBF Industries, and Diane Puckhaber, Trustee-Plaintiff,**

**v.**

**HOLLIS ENGINEERING, INC., Defendant.**

Bankruptcy No. 84–290.
Adv. No. 85–006.

United States Bankruptcy Court,
D. New Hampshire.

Oct. 21, 1986.

Daniel Callaghan, Manchester, N.H., for defendant.

Diane Puckhaber, Concord, N.H., Trustee.

Grenville Clark, Manchester, N.H., for debtor.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This case is before the court on the attack by the Chapter 7 trustee upon the validity of the secured claim of Hollis Engineering, Inc. with regard to a "TDL" wave soldering machine which the debtor purchased from Hollis in May of 1984 for the

sum of $22,375. The purchaser was the individual debtor George R. Covey. Although no separate entity was involved, Mr. Covey did business as "RBF Industries" with a plant and office at Route 28 By-Pass, Town of Hooksett, New Hampshire.

The principal issue for decision is whether the defendant, Hollis Engineering, Inc., properly perfected its security interest relating to this purchase by appropriate notice-filing under the Uniform Commercial Code provisions as they existed in New Hampshire at the time involved.

Hollis filed a UCC–1 financing statement with the Secretary of State of New Hampshire on April 19, 1984. The description of the debtor under the financing statement was given as follows: "RBF, 286 Bridge Street, Manchester, NH 03104." No mention of George R. Covey was made with regard to this filing. Hollis also did not file any financing statement with the Clerk of the Town of Hooksett.

The reference to "286 Bridge Street" in the financing statement was an erroneous attempt to refer to George R. Covey's home located at "*268* Bridge Street" where Covey did receive calls relating to the business and had "RBF Industries" stationery giving that as a mailing address. However, from the testimony received by the court it is clear that except for occasional phone calls, and the receipt of mail at the Bridge Street address due to later deliveries in Hooksett, Covey ran his business at only one location in the normal business operational sense. The plant, office and business records were all maintained at the Hooksett location.

### "TWO TOWNS" ISSUE

■ New Hampshire has a unique filing requirement with regard to financing statements dealing with machinery and equipment as the collateral. These statutes require, where such collateral is involved, that the secured party must file a financing statement "in the office of the Secretary of State and, in addition, if the debtor has a place of business in only one Town of the

State, also in the office of the Clerk of such Town...." See *New Hampshire Statutes,* R.S.A. 382–A:9–401(1)(c) (Supp.1985).

Since Hollis admittedly did not file a financing statement with the Town of Hooksett, its security interest must be deemed unperfected in view of the finding of the court that the debtor had "a place of business in only one Town of this State" within the meaning of the foregoing statutory provision. Hollis' principal contention in this regard is that it was entitled to rely upon the stationery of Mr. Covey indicating the Manchester address. Before the machine in question was actually shipped, the bill of lading was corrected to indicate the Hooksett address. Moreover, since the actual fact was that the debtor had only one business operation, other potential creditors dealing with the debtor were entitled to rely upon that factual situation. Cf. *In re Sports Enterprises, Inc.* 38 B.R. 282 (Bankr.D.N.H.1984); *In re DeNauw's Inc.,* 47 B.R. 290 (Bankr.D.N.H.1985).

In the present case such potential creditors would have been justified in dealing with George R. Covey, doing business as RBF Industries, as a business operation located only in Hooksett, and would have been justified under the New Hampshire statute in checking only for financing statements filed with the Town Clerk in that community.

### "NAME OF DEBTOR" ISSUE

■ Alternatively, even if the court were to determine that two places of business were involved, and accordingly only a filing with the Secretary of State was required, the filing with the Secretary of State in this case fell far short of the minimal requirements of the Uniform Commercial Code. The UCC–1 form filed with the Secretary of State does not mention the debtor entity actually involved, i.e., *the individual George R. Covey,* and its attempt to refer to a trade name used by Mr. Covey employs only the letters "RBF" and gives an incorrect street address in any event for Mr. Covey's home in Manchester, New Hampshire.

The trustee introduced evidence that inquiries directed to the New Hampshire Secretary of State's filing office, in July of 1984, and in February of 1985, seeking information of any security interest recorded against "George R. Covey, d/b/a RBF Industries", failed to obtain a response indicating any lien recorded by Hollis Engineering, Inc. A clerk from the Secretary of State's filing office was called as a witness and testified that the office maintained no cross-indexing system to pick up any correlation between individual names and trade names, but that some clerks occasionally did on their own initiative make an attempt to find any alternative filings. In the present case, as indicated above, there was not even an indication of the individual debtor or the "d/b/a" situation given on the UCC–1 form, and search attempts made after the July 12, 1984 bankruptcy filing failed to elicit any information about Hollis Engineering at the Secretary of State's office.

Hollis recognizes that courts generally do not construe UCC–1 filings using trade names, in place of the true name of the debtor-entity, as being sufficient compliance with the notice-filing requirements of Article 9 of the Uniform Commercial Code. Such filings do not perfect a security interest in personal property. One recent decision in that regard, citing various cases, appears in *In re My Place or Yours, Inc.*, 34 B.R. 197 (Bankr.D.Vt.1983).

Hollis relies on a recent decision to the contrary, by the Fifth Circuit Court of Appeals, in the case of *In re McBee*, 714 F.2d 1316 (5th Cir.1983), applying Texas law. In that case the court held that "in some cases" filing under a trade name would be sufficient where "a reasonably prudent subsequent creditor would have discovered the prior security interest." The court noted further that "we recognize that in most cases of individual ownership, filing under a trade name will be seriously misleading and thus insufficient to perfect a security interest." *In re McBee*, 714 F.2d at p. 1316.

The *McBee* case is one of the few decisions finding a "wrong name" filing sufficient where the names involved included an *individual debtor* as well as a business trade name. Most courts dealing with the problem have noted that the latter factual situation is markedly different from the more common situation in which the debtor's name is given but with some defects in the actual wording of that name. *See e.g., In re Leichter*, 471 F.2d 785 (2nd Cir.1972); *Siljeg v. National Bank of Commerce*, 509 F.2d 1009, 1012 (9th Cir.1975); *Citizens Bank v. Ansley*, 467 F.Supp. 51 (M.D.Ga. 1979).

The error of extending the "wrong name" cases to the "trade name—individual debtor" situation is well expressed by the Second Circuit in the *Leichter* decision, distinguishing its earlier decision in *Excel Stores*, 341 F.2d 961 (2nd Cir.1965). *See, Leichter, supra*, at p. 787. The earlier *Excel* decision had a found a filing sufficient which referred to "Excel Department Stores" rather than "Excel Stores, Inc.," the real debtor. The Second Circuit there found that such a financing statement "substantially complied" with the requirements of the Uniform Code even though it contained "minor errors" which were not "seriously misleading" within the saving provision of the statute. The statutory provision involved is codified in *New Hampshire Statutes*, as R.S.A. 382–A:9–402(8).

As pointed out in the *Leichter* case, and the other decisions cited above, the situation involving an individual debtor and a "d/b/a" trade name does not involve any "substantial compliance" with the statute in the first place, and the resulting defect cannot be deemed a minor error in an otherwise complying filing. The *Leichter* court noted:

"In this regard, the trustee in bankruptcy must be deemed to stand in the shoes of the most favored creditor, not simply one who could—by virtue of his dealings with the debtor acting under trade name—be held to a semblance of knowledge of the true facts; even such a credi-

tor, knowing how UCC § 9–402 reads, might never search the filings under the trade name. That is to say, the trustee is more than a subsequent creditor seeking to build up his own equities at the expense of good faith creditors. Here the assignee of the filing creditor seeking to be secured over others, engaged in the financing business so that it should surely be familiar with the requirements of the Code, must be held to substantial compliance with the noticed statute. Filing under the trade name only, we hold, was insufficient."

The erroneous use of precedent by those decisions finding "trade name" filings sufficient in the *individual debtor* situation is set forth in *Citizens Bank v. Ansley, supra,* at pp. 54–55, noting further that such "line of authority not only promotes carelessness which undermines the effectiveness of the filing system, but also invites deceptive practices." *See* also *In re Thomas,* 466 F.2d 51 (9th Cir.1972). The *Thomas* court also rejected the contention that the lack of a mislead creditor by a "trade name" filing could excuse noncompliance with the simple requirements of § 9–402 of the Uniform Commercial Code. The court here again notes that "in litigation of this type a trustee in bankruptcy is treated as an ideal hypothetical lien claimant as of the date of bankruptcy." *In re Thomas, supra,* at. p. 53.

On balance, I do not find the rationale set forth in the *McBee* case persuasive since it essentially begs the question of whether the innocent, subsequent party dealing with the debtor has a *legal right* to rely on the statutory requirement that the "debtor's name and address be listed. Of course a trade name filing is not misleading *if* the subsequent party is *required* to search under a name of a non-debtor and non-entity. But the statute clearly can not be so construed, and premature resort to the § 9–402(8) proviso to reach that result is simply circular reasoning.

In the absence of any contrary authority in New Hampshire or the First Circuit, I conclude that any subsequent creditor dealing with "George R. Covey, d/b/a RBF Industries" by definition is *entitled* to rely on a UCC search under that debtor's individual name, particularly where a reference to the "d/b/a" trade name is also included, and therefore would be reasonably prudent in making a search in that fashion. As indicated above, that search in the present case revealed no security interest held by Hollis Engineering.

"CONCLUSION"

The liberalized approach of the Uniform Commercial Code does not mean, in my judgment, that the simplified form of notice filing provided by Article 9 of the Uniform Commercial Code does away with the *threshold requirement* that the secured creditor make reasonable effort to give adequate notice to all interested subsequent parties so that they can "get into the system" to discover the security interest involved. See *In re DeNauw's Inc., supra.* If that effort requires some additional investigation as to the actual facts involving the debtor's business operations, the onus of failure to make that reasonable effort should fall upon the party claiming the security interest over the rights of subsequent creditors relying on the statutory requirements. See, *In re Sports Enterprises, Inc., supra.* If a trade name is involved, the first party can fully protect its rights with minimal expense and effort by simply filing under *both* the entity and the trade name.

The present case does not indicate a reasonable effort upon the part of Hollis Engineering in determining the appropriate facts and in recording a financing statement in a fashion reasonably designed to inform subsequent creditors of their claim of security interest. This is not a case of requiring the "dotting of every 'i' and the crossing of every 't' in the documents". It is rather a case in which the *right words* with the *right letters* were simply not used. Accordingly, a separate judgment will be entered in favor of the trustee determining that the claim in question is not a validly perfected secured claim.

## FINAL JUDGMENT

This case having come before the court for trial upon the trustee's Complaint to Determine the Secured Status of the claim of the defendant Hollis Engineering, Inc., and the trustee's objection to allowance of said claim as a secured claim, and the court having received evidence and subsequently considered the legal memoranda submitted by counsel; and the court having separately set forth its findings and conclusions in its Memorandum Opinion entered this date; it is accordingly

ORDERED, ADJUDGED and DECREED as follows:

1. The proof of claim filed herein by the defendant, Hollis Engineering, Inc., asserting a claim for $22,375, as a secured claim, is hereby determined to be an unsecured claim by virtue of the defendant's failure to properly perfect its security interest in the "TDL" wave soldering machine involved. Said machine is determined to be unencumbered by any security interest by the defendant and may be sold by the trustee in a further liquidation of assets in this proceeding.

2. The claim of Hollis Engineering, Inc., in the amount of $22,375 shall share as a general unsecured creditor in any distribution and dividends in this estate.

3. Each party shall bear their own costs.