In the Matter of Henry **PLATT**, individually and t/a **Platt Fur Co.** and t/a **Kenwell Fur Novelty Company**, Bankrupt.

No. 28191.

United States District Court
E. D. Pennsylvania.

Aug. 8, 1966.

480

William Malkames, Scoblionko & Malkames, Allentown, Pa., for Finance Co. of America.

Edwin K. Kline, Jr., Kline & Jordan, Allentown, Pa., for intervenor, The First Nat'l Bank of Allentown.

Morris Efron, Efron & Black, Allentown, Pa., for trustee.

## OPINION AND ORDER

WOOD, District Judge.

Both Finance Company of America (F.C.A.) reclaimant and the trustee have petitioned this court for review of the Referee's order of February 3, 1966 in which he upheld the security interest of the First National Bank (Bank). All three parties have made claim to the proceeds of the account receivables of the debtor. The trustee and Bank both contend they are entitled to the proceeds of the inventory.

Debtor granted to the Bank a security interest in April, 1960 in his inventory and accounts receivable currently owned and thereafter to be acquired together with their proceeds, to secure then-existing indebtedness, a present advance of $6,000 and future advances. The Bank filed financing statements with the Secretary of the Commonwealth and the Prothonotary of Lehigh County. The collateral was described as "Inventory and Accounts Receivable." Proceeds of the collateral were not claimed in the statement.

In September, 1960, the bankrupt entered into a written agreement with Finance Company of America, the reclaimant (F.C.A.) providing for the sale by Platt to F.C.A. of specific accounts receivable, for which the bankrupt was to receive 70% in cash at the time of purchase and the remainder (less interest and charges) at the time the accounts were paid. F.C.A. filed financing statements both centrally and locally in Lehigh County in which the collateral was described as "accounts receivable, notes, chattel mortgages, conditional sales contracts, bailment leases and forms of chattel paper now existing or to be hereafter created or acquired, including collections and their proceeds." The debtor was designated only as Platt Fur Co.

In January, 1964, the Bank repossessed bankrupt's inventory and demanded that he turn over to it all receivables currently collected from his account debtors. Platt turned over $3,902.36 from collected accounts. The Bank received about an additional $10,000 directly from the account debtors upon notice to them. All moneys are currently held by the Bank subject to final disposition of. F.C.A.'s reclamation petition.

■ Section 70, sub. c of the Bankruptcy Act gives the trustee all the rights of a lien creditor on all property upon which a creditor could have obtained a

lien at the time of bankruptcy, whether or not a lien creditor actually exists. In the matter of Komfo Products Corp., 247 F.Supp. 229 (E.D.Pa.1965). The rights of creditors are to be ascertained as of the date the petition was filed. Lewis v. Manufacturers National Bank, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961).

■ The Uniform Commercial Code, Pa.Stat.Tit. 12A § 9–101 et seq. applies in determining whether a lien creditor could have obtained a lien at the time of bankruptcy. Specifically, § 9–301 provides that a security interest unless perfected is subordinate to persons who become lien creditors without knowledge of the security interest and prior to perfection. A lien creditor includes a trustee in bankruptcy. § 9–301(3).

Section 9–303(1) states generally when a security interest is perfected, i. e. when the security interest has attached and when all of the applicable steps for perfection have been taken. Attachment can occur only when there is agreement that the security interest attach, the creditor gives value and debtor obtains rights in the collateral. § 9–204(1). Perfection is completed in most cases, as it would have been herein, when a financing statement is timely filed. § 9–302 (1). A failure of any of the requisites on the part of either F.C.A. or the Bank precludes assertion of a security interest against the trustee.

F.C.A. contends first that the Bank's financing statement is not formally proper in failing to identify the collateral, as is provided under § 9–402, by not including the word "future" before accounts and inventory.

■ The appropriate section makes a financing statement sufficient if it contains a statement indicating the types or describing the items of collateral. Any description of personal property is sufficient whether or not it is specific if it reasonably identifies what is described. § 9–110.

A financing statement which covered all present and future accounts receivable submitted was held to identify reasonably what was described. Industrial Packaging Products Co. v. Fort Pitt Packaging Int'l, Inc., 399 Pa. 643, 161 A.2d 19 (1960). The comments to the Code define the purpose of § 9–110 briefly as follows:

"The test of sufficiency of a description laid down by this Section is that the description do the job assigned to it—that it make possible the identification of the thing described."

The Code adopts the system of "notice filing" which requires a filing only of a simple notice which indicates merely that the secured party who has filed may have a security interest in the collateral described. Comment, § 9–402.

A detailed description of the collateral in the case of accounts and inventory would require the filing of daily statements. The addition of the word "future" to "accounts receivable and inventory" would not seem to help an interested party in determining the status of the debtor. It should be clear that the creditor is concerned with tying up whatever is the current inventory and accounts receivable of the debtor. No reasonable searcher of the records would conclude that the secured party had a lien on only the past accounts and inventory of the debtor, especially where the debtor is in an active retailing business.

■ In conclusion, the financing statement was sufficient notice of the interest of the Bank and a subsequent creditor would have a duty to make further inquiry of the secured party to determine its exact interest.

■ The Bank's failure to claim proceeds in its financing statement precludes its recovery of certain proceeds. A security interest in proceeds continues to be perfected for ten days after creation of the proceeds if the original financing statement does not make claim to the proceeds and thereafter only if within the ten day period a financing statement is filed covering the proceeds or the secured party actually takes the proceeds into his possession. § 9–306(3) Neither

appears to be the case herein and the proceedings must be remanded to the Referee to determine if either alternative existed in this case.

■ The Bank's failure to claim proceeds in its financing statement was gross negligence and seriously misleading. The statement was a form with an appropriate box to be checked if proceeds were claimed, which was not done. While this would have been sufficient under the Code to claim the proceeds, the Bank's failure to so comply is clearly prejudicial to its claim under § 9–306. A lien creditor could have obtained a lien on the proceeds ten days after they were received by the bankrupt.

■ Identification of the debtor as Platt Fur Co., under which name the financing statement was indexed, should not necessarily prejudice the claim of F.C.A. Failure to properly identify the debtor so as to mislead those who searched the record is of course a failure to perfect under §§ 9–303 and 9–402.

The Referee found that a search of the public records under the name of Henry Platt would not have disclosed F.C.A.'s interest. Platt Fur Co. was an unregistered fictitious name for the business of Henry Platt. He also used Kenwell Fur Novelty Co. as a fictitious name.

The use of Kenwell as the debtor would clearly have left F.C.A. without a perfected security interest. However, the name Platt Fur Co. is sufficiently related to the name of the debtor, Henry Platt, to require those who search the records to make further investigation. Furthermore, the Referee found that the name was "not seriously misleading," the criterion for effectiveness under § 9–402 (5).

No evidence has been presented to us which would require reversal of the Referee on this point. Accordingly, we hold that designation of the bankrupt as Platt Fur Co. was sufficient identification of the debtor.

■ The argument that the clerk had the duty to insert the name of the real debtor who signed the financing state-

ment lacks merit. The filing officer indexes the statements according to the name of the debtor given to him in the statement. The secured party has the duty to make sure of proper filing and indexing.

The final substantive contention of the trustee and Platt is that the Bank was secured at the most only as to $4,000. Two arguments are advanced in support of this thesis. First, the Bank and the debtor intended only one of three notes given to the Bank to be secured by the debtor's property. Secondly, only $6,000 of new value was given to the debtor at the time the original security interest was made. A note for $6,000 was given which was subsequently reduced to $4,000.

The first argument is not readily answerable. The Referee made no findings as to whether the parties intended two notes not to be secured by the accounts and inventory of the debtor. Although, these notes were renewals of prior indebtedness secured by the agreement of April, 1960, the Bank could well have agreed to make the renewals unsecured to protect the future credit of the debtor. The proceedings must be remanded to the Referee to make suitable findings on this issue.

■ The second argument is devoid of merit. Attachment plus filing was sufficient to perfect the security agreement. The only element of attachment in dispute is value up to the full debt proved in bankruptcy. However, value as defined by the Code may consist of pre-existing claims. § 1–201(44). Therefore, all of the indebtedness covered by the security agreement was secured by the accounts and inventory of the debtor.

■ Section 9–108 is irrelevant in a situation governed by Section 70(c) of the Bankruptcy Act. It is intended only as a purported definition of "antecedent debt" to attempt to override the alleged harshness of § 60 of the Bankruptcy Act. No one has contended the voidness of § 9–108 in Bankruptcy and since the question may be irrelevant in this case, we hesitate to decide it.

Any procedural problems encountered by the intervention of the Bank in the bankruptcy proceedings have been adequately considered by the Referee and require no further discussion.

ORDER

And now, this day of August, 1966, upon the certificate for review of the Referee of March 1, 1966, it is ordered that the order of the Referee is vacated and the cause is remanded for further proceedings not inconsistent with this opinion.