**CITIZENS BANK, Plaintiff,**

v.

**Emory ANSLEY, d/b/a Ansley Contracting Company and International Harvester Company, Defendants.**

**Civ. A. No. 78–54–ALB.**

United States District Court,
M. D. Georgia,
Albany Division.

March 2, 1979.

Ben F. Easterlin, IV, of Ellis, Easterlin & Peagler, P. C., Americus, Ga., for plaintiff.

F. Kennedy Hall and Walter H. Bush, Jr., of Hall, Bloch, Garland & Meyer, Macon, Ga., for defendants.

## ORDER

OWENS, District Judge.

Plaintiff Citizens Bank originally filed its complaint for foreclosure in the Superior Court of Dougherty County, Georgia. Plaintiff alleged that it held a perfected security interest in a particular tractor as collateral for various debts of defendant Emory Ansley, that defendant Ansley was in default of his obligations, that plaintiff was therefore entitled to foreclose and that plaintiff believed the tractor in question was then in the possession of a second defendant, International Harvester Company. International Harvester properly removed the case to this court and answered, admitting possession but claiming a security interest superior to the security interest of Citizens Bank.

After some discovery, the court heard evidence and argument on October 24, 1978. It is clear from the facts now of record that defendant Ansley does not and cannot claim an interest in the tractor superior to the interest of either Citizens Bank or International Harvester and that Citizens Bank does possess a perfected security interest in the tractor.[1] The only substantial dispute concerns whether International Harvester possesses a prior perfected security interest in the tractor. For the reasons which follow, the court concludes that International Harvester does not possess such an interest and that Citizens Bank is therefore entitled to the tractor.

Emory Ansley purchased the tractor from International Harvester on May 12, 1978. International financed the sale, and Mr. Ansley executed a security agreement in which the purchaser was listed as Ansley Farms. He also executed a financing statement appended to this opinion, which was duly filed on May 16, 1978 in the Superior Court of Sumter County and which listed the debtor as Ansley Farms. Mr. Ansley signed the bottom of this financing statement. Mr. Ansley is not a farmer, has never engaged in the farming business and has never done business under the trade name Ansley Farms.

The clerk of Sumter County indexed International's financing statement under the name Ansley Farms. The Sumter County indexing system contains some seventy cards grouped together listing as debtor either Emory Ansley or Ansley Contracting Co. Thereafter come eleven cards listing such debtors as J. M. Ansley, Mrs. J. M. Ansley, J. M. Ansley Contracting Co. and Ansley and Saint Contracting Co. These eleven are followed by the Ansley Farms card evidencing International Harvester's security interest in the tractor.

Citizens Bank perfected its security interest in the tractor on June 8, 1978. Prior to perfecting its security interest, Citizens Bank had no actual knowledge of International's interest. Sometime in June 1978 Mr. Ansley defaulted on his obligations to both parties. International then repossessed the tractor.

Whether International holds a perfected security interest depends upon whether the financing statement filed by International complied with the requirements of The Uniform Commercial Code, Ga.Code Ann. § 109A–9–402.

"(1) A financing statement is sufficient if it is signed by the debtor and the secured party, gives an address of the secured party from which information concerning the security interest may be obtained, gives a mailing address of the debtor and contains a statement indicating the types, or describing the items, of collateral. . . ."

\* \* \* \* \* \*

---

1. Citizens Bank possesses a perfected security interest in some specifically listed equipment owned by Mr. Ansley ". . . and all other equipment, vehicles and accessories now or hereafter acquired, used or useful in conducting [Mr. Ansley's] business." The tractor at issue was not specifically listed. Mr. Ansley was a contractor, and defendant International Harvester challenged whether the tractor was "used or useful in conducting" Mr. Ansley's contracting business. Affidavits furnished the court subsequent to the October 24th hearing clearly established that this tractor was both "used and useful in conducting" Mr. Ansley's business. Thus Citizens Bank possesses a perfected security interest in the tractor.

"(3) A form substantially as follows is sufficient to comply with subsection (1):

Name of debtor (or assignor) . . . . . . . . . . .
Address . . . . . . . . . . . . . . . . . . . . . . . . . . . .
Name of secured party (or assignee) . . . . . . .
Address . . . . . . . . . . . . . . . . . . . . . . . . . . . .
1. This financing statement covers the following types (or items) of property:
    (Describe) . . . . . . . . . . . . . . . . . . . . . . . .
2. (If collateral is crops) The above described crops are growing or are to be grown on:
    (Describe real estate) . . . . . . . . . . . . . . .
    (Name the record owner or record lessee of said real estate) . . . . . . . . . .
3. (If collateral is goods which are or are to become fixtures) The above described goods are affixed or to be affixed to:
    (Describe real estate) . . . . . . . . . . . . . . .
    (Name the record owner or record lessee of said real estate) . . . . . . . . . . . . . . . . .
4. (If proceeds or products of collateral are claimed) Proceeds—products of the collateral are also covered.
    Signature of debtor (or assignor) . . . . . .
    Signature of secured party (or assignee) . . . . . . . . . . . . . . . . . . . . . . . . . ."

\*　　\*　　\*　　\*　　\*　　\*

"(5) A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading."

This statute contemplates a financing statement which shows the name of the debtor. Subsection (3) of the statute proposes a form financing statement which begins with the name of the debtor. The name of the debtor is the first information requested on the official Georgia financing statement used by International in this case. If the true name of the debtor is not shown in the blank "Name of debtor . . .", proper indexing is highly unlikely even though the true debtor may sign the bottom of the financing statement. The filing clerk indexes according to the name listed as debtor, not the signature at the bottom of the form which may frequently be illegible.

        Since International erroneously listed Ansley Farms as the name of the debtor although the true debtor was Emory Ansley, the perfection of International's security interest turns upon whether this error is "seriously misleading." Georgia has no helpful precedent. However, interpreting the same statutory language as is found in Georgia's version of the Uniform Commercial Code, other jurisdictions have apparently developed a rule that a financing statement must

> ". . . in the case of an individual, or individuals, doing business under a trade name show the name of the individual legally responsible for the debt unless the trade name and the individual debtor's name are so similar that a prospective creditor, upon seeing the trade name in the records, would be alerted that there might be a prior security interest in the involved collateral."

*Matter of Fowler,* 407 F.Supp. 799, 803 (W.D.Okl.1975)

*National Cash Register Co. v. Firestone & Co., Inc.,* 346 Mass. 255, 191 N.E.2d 471, 1 U.C.C.Rep. 460 (1963) was one of the first cases construing Section 9–402 of the Uniform Commercial Code.

> "The plaintiff's next argument is that the financing statement is insufficient because it incorrectly describes the debtor as 'Carroll, Edmund d/b/a Cozy Kitchen, 574 Wash. St., Canton, Mass.' The specific objection is that 'Cozy' should be 'Kozy'. This word, however, is merely part of the name and style under which the debtor, an individual, did business. The Uniform Commercial Code, § 9–402(5), reads: 'A financing statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading.' The name of the debtor, Carroll, is correctly given. It should have been and, for aught that appears, was correctly indexed under 'C'. With the name of the debtor accurately stated, the spelling of 'Cozy' is, at most, a minor error which is not 'seriously misleading'."

191 N.E.2d at 474, *1 U.C.C.Rep. at 464.* This seems both a straightforward and sensible application of Section 9–402(5) of the

Uniform Commercial Code. The Code was designed to avoid artificial pitfalls and technicalities. Where the name of the true debtor is accurately stated, subsequent creditors should discover the financing statement. Thereafter should the subsequent creditor be confused by the minor error in the business designation, the creditor can simply investigate to resolve the ambiguity.

Courts soon went one step farther than the *National Cash Register Co.* case and held that minor error in naming a business debtor was not seriously misleading. In the case of *In re Excel Stores, Inc.,* 341 F.2d 961 (2nd Cir. 1965) a financing statement listing the debtor as Excel Department Stores was held sufficient where the true debtor was Excel Stores, Inc. In the case of *In re Nara Non Food Distributing, Inc.,* 9 U.C.C.Rep. 747 (Sup.Ct.Queens Cty.1970) a listing of Nara Distributing, Inc. was found sufficient although the true debtor was Nara Non Food Distributing, Inc. In both cases subsequent creditors would be searching the indexes for a business debtor and a business was actually listed as the debtor. Also in both cases, the first name of the business debtor was accurately listed so the inaccuracy did not result in a different indexing. Since both names were somewhat unusual, subsequent creditors could reasonably be expected to examine all filings under Nara or Excel. Inconsistencies in the remainder of the business entity listed would at least leave a prudent investigator on notice that the business listed was the business debtor in question.

The present case lies yet another step beyond *National Cash Register Co., supra.* Here, not only is the name of the debtor inaccurately indicated, but the debtor is listed as a business whereas the true debtor is an individual. Despite this distinguishing feature there is case law suggesting that the Ansley Farms listing is sufficient. In the case of *In re Platt,* 257 F.Supp. 478 (E.D.Pa.1966) a financing statement listing the debtor as Platt Fur Co. was held sufficient although the true debtor was Henry Platt. In the case of *In re Hatfield Construction Co.,* 10 U.C.C.Rep. 907 (U.S.D.C.,

M.D.Ga., Bnkry.Ref.1971) a filing under the name of Wayne L. Hatfield was held sufficient although the true debtor was a corporation, Hatfield Construction Co. *See also In re Hammons,* 438 F.Supp. 1143 (S.D.Miss. 1977) in which the court suggests that filing under Hammons Heating & Air Conditioning would be sufficient where the true debtor is Rex L. Hammons.

There is also some authority undermining the *Platt* line of cases and suggesting that the Ansley Farms listing is insufficient. In *In re Wishart,* 10 U.C.C.Rep. 1296 (U.S.D.C., W.D.Mich., Bnkry.Ref.1972) a filing under Wishart Equipment Co. was held insufficient where the true debtor was Horace Wishart. The referee distinguished *Platt, supra,* by noting that Michigan provides for statewide filing in one central office.

> "While one might be tempted to hold that 'Wishart Equipment Co.' would readily appear to a party looking for 'Horace Wishart', the problems are apparent when one thinks of John Albert Smith doing business as Smith Plumbing Co."

*In re Wishart, supra,* at 1298. And *In re Brawn,* 7 U.C.C.Rep. 565 (U.S.D.C., Maine, Bnkry.Ref.1970) holds that Brawn's Super Market is an insufficient listing where the true debtor is Wendall P. Brawn. Maine's version of the Uniform Commercial Code required both a local and statewide filing. The statewide filing was found to be "seriously misleading" because indexing clerks in the statewide office were instructed to produce financing statements only for the exact name given by the inquiring party. Since the required statewide filing was therefore insufficient, the referee ruled the entire filing insufficient.

Both *Wishart* and *Brawn* are distinguishable from the present case for Georgia requires countywide filing, not statewide filing. Ga.Code Ann. § 109A–9–401(1). However, the *Brawn* decision openly disapproves of *Platt* and other decisions which seem to view subsection (5) of Section 9–402

> ". . . as a virtual license to scuttle formal Code requirements altogether, with the unfortunate result that secured

parties are approaching carelessly the simple responsibilities of preparing the *skeletal financing statements upon which the quality of the entire notice-giving function of the Code filing system depends*."

*In re Brawn, supra* at 576. (emphasis in the original; footnote omitted)

The *Platt* line of authority not only promotes carelessness which undermines the effectiveness of the filing system, but also invites deceptive practices. For example, an unscrupulous individual may easily obtain capital equipment by giving the seller a small down payment along with a purchase money security interest in the equipment. Under the *Platt* line of cases the seller has nothing to lose by permitting the purchaser to list a similarly named business entity as the debtor. The purchaser might then seek loans from other potential creditors by offering the equipment as collateral with the claim that it is free of liens. Sooner or later the debtor would stumble upon an unsophisticated lender who searched the indexes and either did not find the card listing the business entity or found the card without making the mental leap between the business entity listed and the individual seeking a loan. Another scenario for deception is suggested by the present case. Wishing to purchase more equipment through borrowing but fearing that his existing creditors might take adverse action against him should they learn that he has assumed more obligations, an individual debtor might disguise his purchase by listing a similarly named business entity as the debtor on the financing statement. The pressured debtor thereby improves the likelihood that his existing creditors will not discover his increased obligations. Under *Platt* the seller has no incentive to object to this deception and chances the loss of his sale if he does object.

The Uniform Commercial Code was developed and enacted to establish standard business laws throughout the United States. Uniform interpretation and application of the Code promotes the general welfare by simplifying interstate business activity. Generally speaking, Georgia courts should apply the Code as it is applied in other jurisdictions and should avoid disharmonious interpretations. However, such reasoning when carried to the extreme would result in Georgia being consistently wrong simply for the sake of consistency, an obviously intolerable result. Georgia should not follow bad Code precedent from other jurisdictions.

The *Platt* line of authority is just such bad precedent. *Platt* promotes careless filing, thereby undermining the very purpose of the filing requirement, notice. *Platt* invites deceptive practices. Furthermore, *Platt* not only assumes that prospective creditors, no matter how unsophisticated, will discover an index card for a similar trade name but also assumes that they will connect the business entity listed with the individual they are investigating. These assumptions place a heavy burden on prospective creditors although the Code contemplates that those seeking to perfect security interests bear the burden of properly filing. Burden shifting of this sort is for the legislature, not the courts.

Accordingly, the court finds that inserting the name Ansley Farms instead of the debtor's true name—Emory Ansley—is seriously misleading, making International's security interest unperfected, and that Citizens Bank therefore holds the superior interest in the tractor. The tractor having been sold by the agreement of the parties, Citizens Bank is entitled to the sale proceeds.

Appendix to follow.

## APPENDIX

This FINANCING STATEMENT is presented to a filing officer for filing pursuant to the Uniform Commercial Code·

| 1 Debtor(s) (Last Name First) and address(es) | 2 Secured Party(ies) and address(es) | (For Filing Officer Only) |
|---|---|---|
| Ansley Farms<br>P.O. Box 392<br>Americus, Georgia 31709 | International Harvester Co.<br>1715 S. Slappey<br>P.C. Box 3548<br>Albany, Georgia 31706 | File Number. 78 .701<br>Time: 4 AM<br>Date. 5-16-78<br>Sumter County, Georgia, Office of<br>Clerk of Superior Court.<br>1 Maturity date (if any): |

pd

Assignee of Secured Party (if any):

(Name and address)

INTERNATIONAL HARVESTER CREDIT CORPORATION
4291 Memorial Drive    Suite A
Decatur, Georgia   30032

Check box and complete where applicable:

☑ Crops are covered. Land described in block 4.

☐ Fixtures are covered. Land described in block 4.

is the record (owner) (lessee) of the land involved.

☐ Proceeds are also covered.

☐ Products are also covered.

No of additional sheets presented:

4. This financing statement covers the following types (or items) of property.

One Used International 4366 Tractor, S.N. 7993

Ansley Farms

By: X _(signature)_
Signature(s) of Debtor(s)

Filing Officer Copy

International Harvester Company.

By: _(signature)_
Signature(s) of Secured Party(ies)

Uniform Commercial Code—Form may be ordered from Ivan Allen Company, Box 1712, Atlanta 1, Georgia