**In re RADTKE HEATING & SHEET METAL CO., INC.**

**RADTKE HEATING & SHEET METAL CO., INC., Debtor–Appellant,**

v.

**I.R.S., et al., Creditors–Appellees.**

**Nos. 88 C 7685, 86 B 11749 and 86 A 1098.**

United States District Court,
N.D. Illinois, E.D.

Jan. 4, 1989.
On Motion to Alter or Amend
Jan. 26, 1989.

Kenneth A. Kozel, Peta and Kozel, La-Salle, Ill., for debtor-appellant Radtke Heating.

John Balestri, Bernabei & Balestri, La-Salle, Ill., for creditor-appellee State Bank of Cherry.

## ORDER

BUA, District Judge.

Appellant Radtke Heating & Sheet Metal Co., Inc. ("Radtke") filed a Chapter 11 petition in bankruptcy on July 31, 1986. Subsequently, Radtke's attorney received $35,-460.05 from Schneider, Inc. ("Schneider") as payment for certain ventilation work which Radtke had performed for Schneider. Two of Radtke's creditors—appellee the State Bank of Cherry ("Cherry") and appellee the Internal Revenue Service ("the IRS")—asserted claims against the money Radtke received from Schneider. Both Cherry and the IRS claimed they owned perfected security interests in the money. The IRS claimed it had filed a federal tax lien against Radtke's property for over $46,000 on May 30, 1986. Cherry held promissory notes executed by Radtke totaling over $60,000 which were secured by Radtke's property.

The bankruptcy court found that both Radtke and Cherry owned perfected security interests. On July 8, 1988, the bankruptcy court entered an order determining the respective shares of the money to which the IRS and Cherry were entitled. First, the court awarded $6,302.10 to Radtke's attorney as compensation pursuant to Section 506(c) of the Bankruptcy Code, 11 U.S.C. § 506(c)(1982). The court then awarded the remainder of the money as follows: $21,776.24 to Cherry and $7,381.71 to the IRS.

■ On appeal, Radtke claims that neither Cherry nor the IRS was entitled to any part of the money Radtke received from Schneider. Radtke first argues that Cherry is not entitled to the money because its security interest was not perfected properly. Radtke contends that the financing statement which Cherry recorded to perfect its secured interest was insufficient because it omitted the term "Inc." or "Incorporated" from Radtke's name. The court finds no indication, however, that such an omission could be misleading or cause confusion in this case. Therefore, Cherry's financing statement is sufficient to put third parties on notice that a security interest may exist in the money Radtke received. *See In re Excel Stores, Inc.*, 341 F.2d 961 (2d Cir.1965); *In re Platt*, 257 F.Supp. 478 (E.D.Pa.1966). Consequently, the court finds the financing statement effectively perfected Cherry's secured interest.

■ Radtke also argues that the IRS was not entitled to receive any part of the money because the IRS' secured claim was perfected after (and therefore is subordinate to) Radtke's secured interest in the money. The court, however, finds that Radtke does not have a superior secured interest. Under the terms of its contract with Schneider, Radtke had no right to the money in question unless it "paid in full all bills for labor." Radtke concedes it did not pay its laborers. Therefore, Radtke had no interest in the money when the IRS filed its tax lien. Moreover, because forty-five days have elapsed since the filing of the tax lien, Radtke has lost any opportunity to assert a claim superior to the IRS' claim pursuant to § 6323 of the Internal Revenue Code, 26 U.S.C. § 6323 (1982). Therefore, the IRS has a perfected security interest which entitles it to part of the money which Radtke received from Schneider.

For the foregoing reasons, the court rejects the arguments asserted by Radtke on appeal. Accordingly, the judgment of the bankruptcy court is affirmed.

## ON MOTION TO ALTER OR AMEND

The instant case came to this court on appeal from the United States Bankruptcy Court. On January 5, 1989, this court entered an order affirming the judgment of the bankruptcy court. Appellee the Inter-

nal Revenue Service ("the IRS") has now filed a motion requesting this court to alter or amend its January 5 order. For the reasons stated herein, the IRS' motion is denied.

Appellant Radtke Heating & Sheet Metal Co., Inc. ("Radtke") filed its Chapter 11 petition in bankruptcy on July 31, 1986. Subsequently, Radtke filed an adversary complaint to collect an account receivable from Schneider, Inc. ("Schneider"). The account receivable represented money Schneider owed Radtke for work Radtke had performed for Schneider. On February 19, 1987, the bankruptcy court determined that Schneider owed Radtke $35,460.05 and ordered Schneider to pay that amount. Schneider complied with the bankruptcy court's order and turned over the money. The money was deposited in an interest-bearing account at Eureka Savings and Loan Association.

Four parties then asserted claims to the money in the account. Two of Radtke's creditors—the IRS and appellee the State Bank of Cherry ("Cherry")—claimed they owned perfected security interests in the money. In addition, Radtke's attorney claimed he was entitled to part of the money as compensation for his legal services. Radtke, of course, asserted its right to the money and contested the claims of the IRS and Cherry.

On July 8, 1988, the bankruptcy court entered a written order determining the respective shares of the money to which the parties were entitled. The court first found that Radtke's attorney was entitled to $6,302.10 in compensation pursuant to 11 U.S.C. § 506(c) (1982). The court then awarded the remainder of the money as follows: 25.32% to the IRS and 74.68% to Cherry. In addition, in two separate orders dated July 8 and July 15, the court awarded the interest earned on the money in the same proportions: 25% to the IRS and 75% to Cherry.

Following the bankruptcy court's orders, several appeals ensued. The appeal before this court was filed by Radtke. As indicated by Radtke's notice of appeal, the sole issue in this appeal is whether the bankruptcy court erred in its distribution of the interest accrued on the money deposited with Eureka. In its brief on appeal, Radtke raised two arguments in support of its contention that the bankruptcy court erred. Radtke first argued that Cherry was not entitled to any money in the Eureka account—neither the principal nor the interest—because Cherry had not properly perfected its secured interest. Radtke also argued that the IRS was not entitled to any part of the account—again, neither the principal nor interest—because the IRS' secured interest did not have any priority. In short, Radtke attempted to persuade this court that neither the IRS nor Cherry were entitled to the interest which accrued on the account because their secured claims to the principal of the account were defective.

This court rejected Radtke's arguments in its January 5 order. In affirming the bankruptcy court, this court held that both Cherry and the IRS held valid security interests which gave them rights to principal superior to Radtke's. Therefore, this court affirmed the bankruptcy court's distribution of the interest on the account.

In its motion to amend or alter this court's order, counsel for the IRS contends that "Radtke's attorney was confused" and therefore Radtke's brief "did not address the issue on appeal." Counsel for the IRS further maintains that this court was "misled by Radtke's brief and rendered a decision outside the scope of the actual issue on appeal." If anyone is confused in this case, however, it is the counsel for IRS. Despite its belief that Radtke had filed a brief arguing issues beyond the proper scope of the appeal, the IRS failed to respond to Radtke's brief (filed October 21, 1988) or Cherry's brief (filed November 1, 1988) until January 11, 1989. When it finally did file its brief, the IRS framed the issues presented as "whether the debtor's counsel is entitled to attorney's fees" and "whether the United States must contribute to any award of attorney's fees to debtor's counsel." These issues have nothing to do with this appeal.

Counsel for the IRS apparently has since realized this mistake. In its memo-

randum in support of its motion to amend or alter the court's January 5 order, the IRS correctly identifies the issue on appeal before this court. As noted, the issue is whether the bankruptcy court properly decided that the IRS and Cherry are entitled to the interest which accrued on the account at Eureka Savings and Loan. That issue was briefed by Radtke and Cherry and decided by this court in its January 5 order. Radtke attacked the IRS' and Cherry's rights to the interest by attacking their rights to the principal. The court's order simply rejected these arguments. Therefore, the court's decision did not reach issues beyond the scope of the appeal, as the IRS claims.

■ Moreover, there is no basis for the IRS' concern that this court's January 5 order will have a collateral estoppel effect on the IRS' appeal concerning the distribution of the principal. This court made no determination of whether the percentage distributions of the principal to the IRS and Cherry were correct. This court simply found that the IRS and Cherry had some rights to the principal—rights superior to Radtke's. That finding is all that was necessary to reject Radtke's arguments that the IRS and Cherry were not entitled to the interest because they were not entitled to the principal. Therefore, the IRS is not estopped from raising arguments contesting the bankruptcy court's quantitative distribution of the principal.

For the foregoing reasons, the IRS' motion to alter or amend this court's January 5 order is denied.

IT IS SO ORDERED.