In re DeNAUW'S INC., Debtors.

In re V & F CORPORATION, Debtor.

Bankruptcy Nos. 81–759, 81–760.

United States Bankruptcy Court,
D. New Hampshire.

March 13, 1985.

Victor Dahar, Manchester, N.H., for debtors.

Terrie Harman, Portsmouth, N.H., trustee.

Daniel W. Sklar, Manchester, N.H., for Landlord.

Philip Brouillard, Laconia, N.H., for Bank.

Bertin Emmons, Boston, Mass., counsel to Unsecured creditors committee.

## MEMORANDUM OPINION AND ORDER ON SECURED CLAIM TO FIXTURES

JAMES E. YACOS, Bankruptcy Judge.

This case was originally before the court upon a complaint to determine the validity and priority of various claims of lien by the Laconia Peoples National Bank (hereinafter "Laconia Bank") concerning certain assets of the above named debtors which were located at business operations of the debtors at the time of the bankruptcy filing in Manchester, Nashua, and Concord, New Hampshire.

A number of hearings were held before the prior bankruptcy judge and at the time of his death there remained for decision an issue relating to $30,000.00 of proceeds from sales of fixtures at the three locations by the trustee in bankruptcy. No determination was made by the bankruptcy judge as to the validity of the Laconia Bank lien claims as to those fixtures, although he did rule on all other lien claims, since an additional complication arose as to the fixtures by virtue of an application filed by 865 Second Street Properties Associates (hereinafter "865 Associates") seeking payment of an administrative rental claim of approximately the same amount out of these proceeds on the theory of either a Bankruptcy Code § 506(c) surcharge or an asserted superior lien position by the landlord 865 Associates vis-a-vis the Laconia Bank. The undersigned bankruptcy judge subsequently, by order of May 16, 1984, directed further briefing and preparation of transcripts in order to be able to rule upon this remaining matter.

After review of the entire record, the court concludes that the claim of lien by the Laconia Bank against the fixtures in question was unperfected pursuant to the relevant provisions of the Uniform Commercial Code as adopted in New Hampshire, and therefore is rendered void and unenforceable as against a trustee in bankruptcy pursuant to the provisions of § 544 of the Bankruptcy Code.

RSA 382–A:9–401(1)(b) provides that a security interest claimed in fixtures must be perfected by filing a financing statement "in the office where a mortgage on the real estate would be filed or recorded." RSA 382–A:9–402(1) provides that a financing statement is sufficient if, among other things, it "contains a statement indicating the types, or describing the items, of collateral." It is provided subsequently in RSA 382–A:9–402(6) that a mortgage may be recorded and may be effective as the financing statement filed to perfect the fixture lien provided that "the goods are described in the mortgage by item or type" and that the mortgage otherwise "complies with the requirements for a financing statement" provided in this section of the New Hampshire Statutes.

In the present case, with respect to the Concord location, the evidence establishes that the only document recorded in the local registry of deeds was a real property mortgage which in itself makes no mention of any lien claim to fixtures. The Laconia Bank contends however that this omission is covered by a recitation on a second page of the mortgage:

This mortgage is given as security for the payment of the aforesaid notes by DeNauw, Inc., and V & F Corporation to mortgagee, and to secure all of the agreements contained in a certain Loan Agreement of even date between DeNauw, Inc., V & F Corporation, Frank J. DeNauw, and Victor J. DeNauw, Jr., as Borrowers, and Laconia Peoples National Bank and Trust Company, as Lender, which Loan Agreement is incorporated herein by reference thereto.

With regard to the Manchester and Nashua locations, the Laconia Bank cannot rely on a recorded mortgage making even indirect reference to fixtures, but instead relies upon the recording in the local registries of deeds of a "notice of assignment of lease" which in each instance included the following recitation within its provisions:

The Assignment of Lease Agreement is of even date herewith and is given to secure the payment and performance of all agreements and obligations contained in certain Promissory Notes, Mortgages, a Security Agreement and a Loan Agreement by and between the Assignor, DeNauw, Inc., Frank J. DeNauw and Victor J. DeNauw, Jr. as Borrowers and Assignee as Lender, all of even date herewith and Promissory Notes which may be given hereafter, pursuant to the terms of said Loan Agreement.

The loan agreement referred to in the foregoing documents was entered into between the Laconia Bank and the debtors on May 15, 1981 and includes within its provisions the following pertinent paragraphs:

WHEREAS, Borrowers have good title to the trade name "DeNauw," and certain machinery, equipment, furniture and fixtures used by them in the operation of their restaurant businesses, described in Exhibit D. attached hereto and made a part hereof by reference (hereinafter referred to as the Security) ...

\* \* \* \* \* \*

*Note and Security Therefor*—The Lender shall make the Borrowers and the Borrowers shall accept from the Lender the Loan which shall be evidenced by the Borrowers' Notes, and secured by first and second mortgages, assignments, endorsements, and pledges of the Security, which notes, mortgages, endorsements, and assignments have been simultaneously executed with this Agreement, except for notes to be issued for advances on the line of credit, the proceeds of which Loan shall be disbursed in the manner set forth in Paragraph 4 hereof.

While the loan agreement contemplates the execution of instruments granting a security interest in the fixtures, the evidence before the court does not indicate that such instruments were ever actually executed. As indicated above, the mortgage document granted security interest in real estate only. The court will assume, however, for purposes of this decision, that the loan agreement may be read as a "granting" document giving a security interest to the Laconia Bank in the fixtures.

The key legal issue before the court is whether the incorporation by reference of the loan agreement in the documents which were actually filed in the local registries of deeds is sufficient to comply with the statutory requirement that a financing statement describing the collateral be filed. No cases on this precise point were cited by either party but the court takes note that RSA 382–A:9–402 is intended to establish a simple form of "notice filing" which at a minimum requires notice that the secured party "may have a security interest in the collateral described." See *Uniform Laws Comments* to RSA 382–A:9–402. While notice filing procedures obviously contemplate that an inquiring party may well have to inquire further to determine the precise details of the secured transaction, the statute expressly provides that at least the "types of collateral" should be specified in the notice. Here the recorded document spoke entirely in terms of realty collateral. A reasonable person inquiring might well have concluded that the reference to the loan agreement simply would give further details as to the structuring of the debt obligations involved. The court concludes that the recorded documents did not give fair notice that additional *types* of collateral were covered by the loan agreement. Therefore no duty to inquire further would have arisen on the present facts. The collateral thus was not appropriately "described" under the statute.

WHEREFORE, in accordance with the foregoing findings and conclusions, it is accordingly

ORDERED, ADJUDGED and DECREED as follows:

1. The claim of lien by the Laconia Peoples National Bank and Trust Company against the fixtures or their proceeds held by the trustee in bankruptcy in this estate is hereby determined to be invalid and unenforceable as against the trustee. Such funds are hereby determined to be assets free of any claim of lien and subject only to the provisions for distribution of an estate provided in the Bankruptcy Code.

2. The relief requested by 865 Second Street Properties Associates is hereby denied, without prejudice, at this time. The record before the court is inadequate for an appropriate determination of a reasonable use and occupancy allowance to the landlord. The landlord shall have twenty days within which to file an appropriate adversary complaint against the trustee, which procedure is hereby specifically required by the court as a discretionary matter under Rule 9014, setting forth the particulars as to the pre-bankruptcy rental rate involved, the period during which such rental rate was in force, the portion of the premises utilized by the trustee during the post-bankruptcy period, the time involved, and all other pertinent particulars. The trustee shall have twenty days after service of the complaint to answer and to assert any Bankruptcy Code § 506(c) surcharge issue as she may be advised.