In re JOHN OLIVER CO., INC., Debtor.

JOHN OLIVER CO., INC., Plaintiff,

v.

BAYBANK MERRIMACK VALLEY, N.A., Defendant.

Bankruptcy No. 88–00334.
Adv. No. 88–00049.

United States Bankruptcy Court, D. New Hampshire.

Sept. 29, 1988.

Richard Gagliuso, Deasy & Dwyer, P.A., Nashua, N.H., for plaintiff.

Barry G. Braunstein, Riemer & Braunstein, Boston, Mass., Mark Vaughn, Manchester, N.H., for defendant.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This chapter 11 case is presently before the court upon a Complaint For Determination Of Validity, Priority, And Extent Of BayBank's Lien filed by plaintiff-debtor, John Oliver Co., Inc. (hereinafter "debtor"). Defendant, BayBank Merrimack Valley, N.A. (hereinafter "BayBank"), has filed an Answer, and both parties have filed motions for summary judgment.

The issue before this court is whether the description of collateral in financing statements filed by BayBank is sufficient to put other creditors on notice that BayBank claims a perfected lien in debtor's equipment, machinery, and inventory, as required by Article 9 of the Uniform Commercial Code as adopted in New Hampshire.

### Parties and Facts Involved and Procedural Context

This adversary proceeding was commenced on July 7, 1988, when debtor filed a two-count Complaint. Count I of the Complaint is a cause of action for the determination of the validity, priority, and extent of BayBank's lien. Count II of the Complaint is a cause of action for the avoidance of a preferential transfer. At a pre-trial hearing on July 21, 1988, the court considered the parties' cross-motions for summary judgment. By Order dated July 21, 1988, the court granted debtor's motion for summary judgment to the extent that it concerns Count II of the Complaint, regarding the avoidance of a preferential transfer. Accordingly, only Count I of the Complaint is presently before the court.

The following facts are not disputed. Debtor is a manufacturer and supplier of folding boxes. BayBank is a national banking association. In October, 1986, debtor borrowed $134,000 from BayBank pursuant to a term note and executed an

agreement with BayBank that extended a revolving line of credit to debtor with a maximum of $700,000. To secure the obligations of debtor to BayBank, debtor executed a Security Agreement, pursuant to which debtor granted BayBank a security interest in the following collateral:

(a) All Accounts and Accounts Receivable; (b) All Inventory; (c) All Contract Rights; (d) All General Intangibles (e) All Equipment; (f) All Farm Products; (g) All Goods; (h) All Chattel Paper; (i) All Fixtures; (j) All books, records and information relating to the Collateral and/or to the operation of the Borrower's business, and all rights of access to such books, records, and information, and all property in which such books, records and information are stored, recorded, and maintained; (k) All Instruments, Documents of Title, Documents, policies and certificates of insurance, Securities, deposits, deposit accounts, money, cash, or other property; (1) All federal, state, and local tax refunds and/or abatements to which the Borrower is, or becomes entitled, no matter how or when arising, including, but not limited to any loss carryback tax refunds; (m) All trade secrets, computer programs, customer lists, assignments of patents and patents pending, developmental ideas and concepts, and all papers, drawings, blueprints, sketches, and documents relating to all of the foregoing and/or relating to the operation of the Borrower's business and/or the Collateral; (n) All insurance proceeds, refunds, and premium rebates, whether any of such proceeds, refunds, and premium rebates, arise out of any of the foregoing (a through m), or otherwise; (*o*) All liens, guaranties, rights, remedies and privileges pertaining to any of the foregoing (a through n) including the right of stoppage in transit.

In order to perfect the security interests granted under the terms of the Security Agreement, BayBank prepared, and debtor and BayBank executed, UCC Financing Statements, which BayBank then caused to be recorded in the office of the Town Clerk for the Town of Salem, New Hampshire and in the office of the New Hampshire Secretary of State. The Financing Statements prepared and recorded by BayBank provide:

This Financing Statement covers the following types (or items) of property:

All accounts; accounts receivable; contract rights; chattel paper; instruments and general intangibles (as each of those terms is defined in the Uniform Commercial Code); and all books, records, electronically stored data; and information relating to any asset of the Debtor and all property in which such books, records and electronically stored data are stored, recorded, and maintained; all whether now held or in which the Debtor has an interest or hereafter acquired, or in which the Debtor obtains an interest, and the products, proceeds, and substitutions of the foregoing. Proceeds includes, without limitation, insurance proceeds, all of the foregoing types of property, and all equipment, inventory, goods, documents of titles, securities, chattel paper, and general intangibles.

On June 15, 1988, BayBank filed a Motion for Relief from Stay, CM# 88–168, alleging *inter alia* a perfected lien in debtor's equipment, machinery, and inventory. The court held a hearing upon the motion on July 12, 1988 and, by Order dated July 14, 1988, the court denied the motion without prejudice.

Debtor claims that the language in the financing statements that describes the types or items of collateral is materially different from the language in the security agreement, and that the financing statements do not provide notice that BayBank claims a security interest in certain types or items of collateral, including equipment, machinery, and inventory. Consequently, debtor maintains that the financing statements fail to comply with the requirements of N.H. RSA 382–A:9–402(1). Debtor requests the court to determine that Bay-Bank's 1986 security interest in debtor's equipment, machinery, and inventory was not perfected, and is therefore invalid and unenforceable against the debtor pursuant to the provisions of section 544 of the Bankruptcy Code. (Citing *In re De-*

*Nauw's, Inc.,* 47 B.R. 290 (Bankr.N.H. 1985)).

BayBank responds that the financing statements clearly provide notice that Bay-Bank has claimed a security interest in, *inter alia,* all equipment, inventory, and goods. Therefore, BayBank states, its security interest is perfected as against the world and valid and enforceable as against the debtor. Accordingly, BayBank requests this court to find that its security interest is perfected. Alternatively, Bay-Bank requests that, if this court finds that the security interest is not perfected, the court dismiss the debtor's motion for summary judgment in order to allow BayBank to trace the proceeds as governed by RSA 382–A:9–306(4)(d)(ii).

*Findings of Fact and Rulings of Law*

Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7056, provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ. P. 56(c). An examination of the parties' pleadings and supporting documents indicates that no genuine dispute exists as to any of the facts stated therein. The only dispute between the parties is whether the financing statements filed by BayBank to perfect its 1986 security interest are sufficient under the Uniform Commercial Code as adopted in New Hampshire, and this dispute involves a question of law. *See Matter of Tri–State Equipment, Inc.,* 792 F.2d 967, 970, 61 B.R. [21], [24] (10th Cir. 1986); *In re Kam Kuo Seafood Corp.,* 76 B.R. 297, 300 (Bankr.S.D.N.Y.1987); *A.E. Nelson & Co. v. Hagget's Sport Shop, Inc.,* 120 N.H. 515, 518, 418 A.2d 1273 (1980).

N.H. RSA 382–A:9–402, entitled "Formal Requisites of Financing Statement", provides that a financing statement is sufficient if, among other things, it "contains a statement indicating the types, or describing the items, of collateral." RSA 382–

A:9–402(1) (Supp.1987). This statute "adopts the system of 'notice filing'", in that it "sets out the simple formal requisites of a financing statement" under Article 9. *See Uniform Laws Comments* to RSA 382–A:9–402. The statute is designed to "simplify formal requisites and filing requirements and ... to discourage the fanatical and impossibly refined reading of such statutory requirements in which courts have occasionally indulged themselves." *Id.* Nevertheless, the statute requires that a financing statement contain two basic elements: "(1) signatures and addresses of both parties; (2) a description of the collateral by type or item." *Id.* As this court previously noted in *In re De-Nauw's Inc.,* 47 B.R. 290 (Bankr.N.H.1985), "while notice filing procedures obviously contemplate that an inquiring party may well have to inquire further to determine the precise details of the secured transactions, the statute expressly provides that *at least the 'types of collateral' should be specified in the notice." Id.* at 293 (emphasis added).

In this case, the financing statements filed by BayBank set forth, in the first sentence, the types of property covered:

All accounts; accounts receivable; contract rights; chattel paper; instruments and general intangibles (as each of those terms is defined in the Uniform Commercial Code); and all books, records, electronically stored data; and information relating to any asset of the Debtor and all property in which such books, records and electronically stored data are stored, recorded, and maintained; all whether now held or in which the Debtor has an interest or hereafter acquired, or in which the Debtor obtains an interest, and the products, proceeds, and substitutions of the foregoing.

This description contains no reference to debtor's equipment, machinery, or inventory. The second sentence of the financing statements does refer to debtor's equipment, inventory, and goods, however this reference is only in the context of defining "proceeds" as that word is used in the first sentence:

Proceeds includes, without limitation, insurance proceeds, all of the foregoing types of property, and all equipment, inventory, goods, documents of titles, securities, chattel paper, and general intangibles.

Thus, the court must ask, "Does the reference to 'equipment, inventory, goods' as a definition of proceeds, which is undeniably one of the types of collateral covered by the financing statements, constitute a statement indicating that equipment, inventory, and goods are types of collateral?"

BayBank contends that, "The words 'equipment, inventory, goods' appearing in the financing statement should put a subsequent creditor on notice that there may possibly be a prior security interest in those types of collateral.... There is clear reference to types of collateral other than accounts receivables, and the fact that proceeds may include equipment, inventory, and goods, would cause the 'reasonable person inquiring' to wonder about the extent of BayBank's prior security interest in the equipment, inventory, and goods of the Debtor." *Memorandum In Support Of BayBank Merrimack Valley, N.A.'s Motion For Summary Judgment On Count I Of The Debtor's Complaint And In Opposition To The Debtor, John Oliver Co., Inc.'s Motion For Summary Judgment*, p. 10.

New Hampshire law requires only that financing statements provide notice that there may be a security interest in the collateral described and expects that "[f]urther inquiry from the parties concerned will be necessary to disclose the complete state of affairs." *Uniform Laws Comments* to RSA 382–A:9–402. Nevertheless, even the minimal requisites of notice filing call for a statement of the *types* of collateral covered. See *In re DeNauw's, Inc.*, supra.

In this case, BayBank's financing statements contain *no* statement indicating that debtor's equipment, machinery, and/or inventory are among the types of collateral claimed by BayBank to perfect its security interest. BayBank may have a perfected security interest in the equipment, machin-

ery, and goods that represent the proceeds of the items described in the first sentence of the financing statement; however, the mere inclusion of the words "equipment, inventory, goods" *somewhere* in the financing statement does not necessarily constitute a "statement indicating the types or describing the items, of collateral" as required by RSA 382–A:9–402(1). The court finds that the financing statements filed by BayBank to perfect its 1986 security interests fail to give any notice that BayBank claims a security interest in debtor's equipment, machinery, and inventory and they are, consequently, insufficient under the requirements of RSA 382:A 9–402(1). Accordingly, BayBank's security interest in debtor's equipment, machinery, and inventory is invalid and unenforceable against the debtor pursuant to section 544 of the Bankruptcy Code.

BayBank seeks to prove the sufficiency of its financing statements with evidence that a UCC search done by a local law firm indicated that the financing statements cover "all accounts receivable and blanket filing." However, as the Court of Appeals for the Tenth Circuit explained, in *Matter of Tri–State Equipment, Inc.*, "The question [is] not whether the statement *did* provide notice to a particular creditor; it [is] whether the statement *could* provide notice to future creditors generally." 792 F.2d 967, 970, 61 B.R. [21], [24] (10th Cir. 1986).

BayBank cites N.H. RSA 382–A:9–110, entitled "Sufficiency of Description," for the premise that a description in a financing statement is sufficient "if it reasonably identifies what is described." However, Section 110 of Article 9 is inapplicable when the financing statement contains *no* description at all—or, more precisely, lists intangibles as the "types of collateral" and not tangibles. In this case, wherein the financing statements do not indicate or describe equipment, machinery and inventory as types or items of collateral, no basis exists for the court to inquire whether such items are reasonably identified.

*Conclusion*

In accordance with the above findings of fact and conclusions of law, the court determines that the financing statements filed by BayBank to perfect its 1986 security interest are insufficient under the requirements of Article 9 of the Uniform Commercial Code as adopted in New Hampshire. Accordingly, the court finds that BayBank's 1986 security interest was not perfected, and is therefore invalid and unenforceable against the debtor. A separate order will be entered in accordance with this opinion, granting debtor's Motion for Summary Judgment to the extent that it concerns Count I of the Complaint, denying BayBank's Motion for Summary Judgment, and setting a pre-trial hearing on the sole remaining issue of whether and to what extent BayBank can trace the proceeds of its collateral to debtor's equipment, inventory, and goods.